1  PATRICK MORIARTY, State Bar No. 213185
   pmoriarty@cmtrlaw.com
2  JOHN B. ROBINSON, State Bar No. 297065
   jrobinson@cmtrlaw.com
3  CASTILLO, MORIARTY, TRAN & ROBINSON
   75 Southgate Avenue
4  Daly City, CA  94015
   Telephone:      (415) 213-4098
5
   Attorneys for Defendants
6  CITY OF ARCATA, ARCATA POLICE DEPARTMENT,
   BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES,
7  and EVAN BEECHEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.C. through Guardian ad litem Jacquelynn Snyder, C.C. through Guardian ad litem Jennifer Murrell, D.C. through Guardian ad litem Jennifer Murrell, T.C. through Guardian ad litem Jennifer Murrell,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ARCATA et al.,<br><br>Defendants. | Case No. 4:22-cv-04804-HSG<br><br>**DEFENDANTS CITY OF ARCATA, ARCATA POLICE DEPARTMENT, BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES AND EVAN BEECHEL'S REPLY IN SUPPORT OF MOTION TO DISMISS ALLEGATIONS IN PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Hon. Haywood S. Gilliam, Jr.,<br><br>Date:  March 2, 2023<br>Time:  2:00 p.m.<br>Ctrm:  2, 4th Floor<br><br>Trial:  None Set |

///
///
///
///
///
///
///
///

## I. INTRODUCTION

Plaintiffs' *Monell* claim is based on legal conclusions.[1] The operative Complaint did not mention any prior incidents to support the City's alleged widespread custom of unlawful behavior. Plaintiffs do not allege that a particular written APD policy was unlawful. Instead, Plaintiffs allege that the City "failed to promulgate specific policies and customs" required by California POST learning domains. (See Doc. 28, at 5). Even if the City failed to implement a policy, that is not *Monell*. *Monell* liability might apply if the City implemented an unconstitutional policy.

Plaintiffs focus on a "failure to train" theory, arguing that one theory of *Monell* opens the door to all theories of *Monell*. Assuming the Court were to allow a "failure to train" theory to proceed, that does not open the door to all *Monell* theories of liability.

Defendants also moved to dismiss Defendant Brian Ahearn from all claims because he was not an integral participant in any alleged wrongdoing. Without legal support, Plaintiffs argue that Chief Ahearn is liable because his individual liability "overlap(s) with the *Monell* liability." (Doc. 28, at 10). Assuming the Court found a ratification theory (official capacity), such a barebones allegation does not trigger liability in Chief Ahern's individual capacity.

## II. *MONELL* ALLEGATIONS

### A. No Unconstitutional Policy

The opposition argues that the City "maintained inadequate polices or customs of training, supervision, and discipline of officers." (Doc. 28, at 5). They rely entirely on legal conclusions. For a claim based on a written policy, a plaintiff must identify the specific policy that they believe to be unlawful, and then articulate why the adoption of that policy amounted to deliberate indifference (*i.e.*, why the City should have been on actual or constructive notice that the policy would lead to unconstitutional conduct). Plaintiffs failed to do so. See *Adomako v. City of Fremont*, No. 17-cv-06386-DMR, 2018 U.S. Dist. LEXIS 82819, at *11 (N.D. Cal. May 16, 2018) (rejecting "conclusory, unspecific allegations" that a City's use of force policies and training were unconstitutional). Plaintiffs do not state what policy or custom was inadequate or,

---

[1] *Monell v. New York Dept. of Social Services*, 436 U.S. 658 (1978).

CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015

more importantly, why the policy or custom was inadequate. Plaintiffs fail to allege facts supporting that a written policy or custom caused the alleged constitutional violation.

Plaintiffs argue that by simply alleging "that Defendants 'failed to promulgate specific policies and customs and to train officers under their command in the application of necessary policies,'" that conclusion triggers *Monell* liability. (Doc. 28, at 8). To support this concept, Plaintiffs cite *Price v. Sery*, 513 F.3d 962 (9th Cir. 2008). In *Price*, the plaintiff cited a specific portion of the police department's written use-of-force policy that was allegedly unconstitutional. *Id*. The plaintiff noted that the department's "'reasonable belief' is a different, and lesser, standard from 'probable cause'" outlined in *Tennessee v. Garner*, 471 U.S. 1 (1985). The Ninth Circuit disagreed. *Price*, at 970. The Ninth Circuit found that "the district court correctly concluded that the City's policy governing the use of deadly force was not, as written, contrary to the requirements of the Fourth Amendment." *Id*., at 971.

### B. No Unconstitutional Widespread Custom or Practice

Plaintiffs argue that they have sufficiently pled a *Monell* theory based on a widespread custom or practice based on prior incidents. (See Doc. 28, at 5:14-20). However, Plaintiffs do not mention a prior incident to support their claim. Plaintiffs vaguely reference "a substantial number of contacts" involving mentally ill and/or substance-impaired persons. (See Doc. 28, at 5). However, they do not allege that these "substantial number of contacts" led to unlawful conduct. *Id*. Also, a police department having "a substantial number of contacts" with mentally ill or substance-impaired persons should not be surprising. Unfortunately, police officers are commonly tasked with resolving issues involving such persons. But having contact (or even using force upon) a mentally ill or person under the influence of drugs is not enough to support *Monell*.

Plaintiffs rely on the underlying incident. A municipal policy cannot be inferred from a single incident of alleged misconduct or "isolated or sporadic incidents." *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985). The allegations are insufficient to establish a *Monell* violation based on a widespread custom or practice.

### C. No Inadequate Training or Supervision

Plaintiffs focus on a "failure to train" theory of *Monell*. They argue that, if the Court finds

1  there is a viable failure to train theory, then that opens the door to **all** theories of *Monell*. (See
2  Doc. 28, at pgs. 7-8). Plaintiff cites *Quinto-Collins* in support of this contention. *Id*. (Citing
3  *Quinto-Collins v. City of Antioch*, 2022 U.S. Dist. LEXIS 471 (N.D. Cal. Jan. 3, 2022). *Quinto-*
4  *Collins* is easily distinguishable.

5        In *Quinto-Collins*, the plaintiffs "sufficiently alleged that the Police Chief ratified the
6  officers' conduct" because the Chief "intentionally covered up the actions of the individual
7  officers by misrepresenting what happened when the officers arrived at Quinto's house." *Id.* The
8  plaintiffs in *Quinto-Collins* alleged that the Chief knew the decedent died from asphyxiation, but
9  he "announced to the public that there were no signs of asphyxiation." *Id*. The court found
10 sufficient facts that the chief "intentionally covered up the actions of the individual officers by
11 misrepresenting what happened when the officers arrived at Quinto's house." *Id*.

12       Because of the strong *factual* allegations supporting a ratification theory, the court in
13 *Quinto-Collins* chose not to analyze whether there was a valid failure-to-train theory. *Id*., at 2.
14 However, as the *Quinto-Collins* court noted, "[d]istrict courts sometimes assess each theory
15 of *Monell* liability at the pleading stage and dismiss theories that are not adequately alleged." *Id*.
16 This is true "even after finding that the plaintiff has adequately stated a *Monell* claim under one
17 theory." *Id.* (See also *Dizon v. City of South San Francisco*, 2018 WL 5023354, *3–6 (N.D. Cal.
18 Oct. 16, 2018); *Hernandez v. City of San Jose*, 241 F. Supp. 3d 959, 977–80 (N.D. Cal. 2017)).

19       "[O]ne must demonstrate a 'conscious' or 'deliberate' choice on the part of a municipality
20 in order to prevail on a failure to train claim." *Price*, supra at 973; see also *Blankenhorn v. City of*
21 *Orange,* 485 F.3d 463, 484 (9th Cir.2007). Even assuming "the City's training may not have been
22 ideal," that does not meet the "high burden laid out in *Harris*," which requires a "'conscious' or
23 'deliberate' choice by the City to risk a 'likely' violation of constitutional rights." *Price*, at 973-
24 74 (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). "A pattern of similar
25 constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate
26 deliberate indifference for purposes of failure to train." *Connick*, 563 U.S. at 62; *see also Marsh*
27 *v. County of San Diego*, 680 F.3d 1148, 1159 (9th Cir. 2012) (holding that practice must be
28 "widespread" and proof of a single inadequately trained employee was insufficient). It is not

1  enough for a plaintiff to show that better or more training could have averted harm, especially
2  where the deficiency did not represent a conscious choice by a defendant to expose the plaintiff to
3  injury. *Ting v. U.S.*, 927 F.2d 1504, 1512 (9th Cir. 1991).

### D. No Failure to Investigate or Discipline

Plaintiffs assert that the City failed to investigate or discipline the officers involved in the incident. Without more, there is no viable *Monell* claim based on the City's failure to investigate or discipline. An isolated incident is not enough for a *Monell* violation under the theory that the City failed to investigate promptly or adequately. *See Merman v. City of Camden*, 824 F.Supp.2d 581, 591 (D.N.J. 2010); *see also Noble v. City of Camden*, 112 F.Supp.3d 208, 223 (D.N.J. 2015); *see also Clemmons v. City of Long Beach*, 379 F.App'x 639, 641 (9th Cir. 2010).

### E. No Ratification

Plaintiffs argue that by alleging that Chief Ahearn "failed to investigate the claim," that conclusion satisfies the pleading requirements for a ratification claim under *Monell*. (Doc. 28, at 9). However, as made clear by the case Plaintiffs rely upon (*Quinto-Collins*), "[t]he mere failure to discipline an officer does not rise to the level of ratification." *Quinto-Collins*, *supra* at 1; see also *Clothier v. County of Contra Consta*, 591 F.3d 1232, 1253-54 (9th Cir. 2010). There are no facts, only conclusions, to support the theory that Chief Ahearn "made a deliberate choice to endorse" an unconstitutional act or decision. *Id*.

### III. CHIEF AHEARN

Plaintiffs fail to address why Chief Ahearn, assuming the Court allows a ratification theory, is liable in his individual capacity. Plaintiffs argue that the claims against Chief Ahearn "overlap with the *Monell* liability." (Doc. 28, at 10). At the same time, Plaintiffs confirm that Chief Ahearn was not involved in the incident and that his only possible liability is under a ratification theory of *Monell*. Therefore, it is undisputed that Chief Ahearn is not liable in his individual capacity.

Plaintiffs allege that Chief Ahearn's "participation may involve the setting in motion of acts which cause others to inflict constitutional injury." (Doc. 28, at 10). This claim is confusing. It seems Plaintiffs argue that Chief Ahearn's role as Chief *might* lead to more alleged

constitutional conduct by APD officers. The argument is speculation and not based on facts.

Plaintiffs cite *Larez v. Los Angeles* 946 F.2d 630, 645 (9th Cir. 1991), which involves an appeal to the Ninth Circuit following a jury verdict. (See Doc. 28, at 10). Like here, the Chief in *Larez* (Gates) was sued in his individual capacity. *Larez*, *supra* at 640. However, Gates conceded the issue. *Id*. ("Gates requested, and received, jury instructions on qualified immunity. Such an immunity is only a defense in an individual capacity suit."). The court in *Larez* found that Gates's failure to challenge or seek a continuance to address the issue "undermines any claim that he was harmed by not being made aware earlier that the suit was proceeding against him in both capacities." *Id*., at 641. Unlike *Larez*, Chief Ahearn timely challenges whether the claims against him in his official and individual capacities can proceed.

## IV.  CONCLUSION

The City respectfully move to dismiss with prejudice all theories of *Monell* and Chief Ahearn from all claims.

Respectfully submitted,

Dated: December 8, 2022                CASTILLO MORIARTY TRAN & ROBINSON

By:  /s/ John B. Robinson
PATRICK MORIARTY
JOHN B. ROBINSON
Attorneys for Defendants
CITY OF ARCATA, ARCATA POLICE DEPARTMENT BRIAN AHEARN, BRIAN HOFFMAN, JOSEPH RODES, and EVAN BEECHEL
CASTILLO, MORIARTY, TRAN & ROBINSON, LLP
75 Southgate Avenue
Daly City, California 94015